UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**NATHANIEL JOSEPH DICOSIMO,**

                Plaintiff,

  v.                                      Case No. 15-cv-1446-pp

**TOWN OF MENASHA POLICE DEPARTMENT,
BRIDGET K. VANSTRATEN,
ROD MCCANTS,** Chief of Police Town of Menasha,
**GARY CUTLER,** Lt. Town of Menasha PD,
**RICK LENEAU,** Lt. Town of Menasha PD,
**PETER DEROER,** Lt. Town of Menasha PD,
**JASON SEVERSON,** Lt. Town of Menasha PD,
**EVAN MERKES,** Police Officer Town of Menasha,
**CHRIS BRANDT,** Police Officer Town of Menasha,
**THOMAS TRELANGO,** Police Officer Town of Menasha,
**GERARD STEPHANIE,** Police Officer Town of Menasha,
**ERWIN CLAY DAVIS,** Police Officer Town of Menasha,
**SCOTT BLASHKA,** Police Officer Town of Menasha,
**SEELY MOE,** Police Officer Town of Menasha,
and **COREY COLBURN,** Police Officer Town of Menasha,

                Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2), GRANTING PLAINTIFF'S MOTION FOR AN EXTENTION OF TIME TO PAY THE FILING FEE (DKT. NO. 15), DENYING PLAINTIFF'S MOTION TO EXTEND DISCOVERY (DKT. NO. 13), DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (DKT. NO. 14), AND DISMISSING CASE WITHOUT PREJUDICE FOR LACK FOR LACK OF SUBJECT MATTER JURISDICTION**

---

The *pro se* plaintiff, Nathaniel Joseph Dicosimo, was confined at the Winnebago County Jail when he filed the complaint. He has been released from jail and now resides in Oshkosh, Wisconsin. The plaintiff filed this lawsuit

1

alleging that the defendants violated his rights under federal law and Wisconsin state law.

## I. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915; see Kerr v. Puckett, 138 F.3d 321, 323 (7th Cir. 1998). That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350.00 filing fee over time through deductions from his prisoner account. Id.

On December 29, 2015, the court issued an order requiring the plaintiff to pay an initial partial filing fee of $44.60. Dkt. No. 14. The plaintiff paid that fee on February 26, 2016. Accordingly, the court will grant the plaintiff's motion for leave to proceed without pre-paying the filing fee. Because the plaintiff has been released from jail, the court will direct him to submit the remainder of the filing fee to the Clerk of Court as he is able. See Robbins v. Switzer, 104 F.3d 895, 897 (7th Cir. 1997) (former inmate required to pay full filing fee under 28 U.S.C. § 1915(b) because he was a prisoner when he filed appeal).

The court notes that the plaintiff filed a letter asking the court to give him more time to pay the balance of the filing fee. Dkt. No. 15. This motion was

2

not necessary, but the court will grant the motion, and again, allow the plaintiff to pay the balance of the filing fee as he is able.

## II.   REVIEW OF THE PLAINTIFF'S COMPLAINT

The law allows a court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff shall provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The plaintiff need not plead specific facts and his statement need only "give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. The court must give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

4

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980).

A. Allegations in the Complaint

The plaintiff alleges that beginning in September 2015, defendant Bridget K. VanStraten made several false allegations/reports against him. According to the plaintiff, defendant VanStraten reported to the police that the plaintiff was using drugs, had taken out a fraudulent loan, and had stolen Adderall from her. She also allegedly hacked the plaintiff's Facebook account, his emails, and his wireless phone account. The plaintiff alleges that defendant VanStraten "harassed me non-stop through law enforcement, threatening text messages, and phone calls." Dkt. No. 1 at 5. He further alleges that VanStraten called him in for drinking-and-driving seven times. Additionally, the plaintiff alleges that she lied under oath in a hearing for a restraining order he placed against VanStraten. The plaintiff asserts that he lost his job because VanStraten called in to his work and because he arrived late due to having to deal with multiple police departments based on her actions.

The plaintiff alleges that from September 2015 through November 2015, defendant Town of Menasha Police Department did nothing to stop the

5

harassment. The plaintiff states that he has "worked fully" with the Town of Menasha Police Department, Appleton Police Department, and the Winneconne Police Department. Id.

The plaintiff alleges that at the time he filed his complaint, he was confined at the Winnebago County Jail on his second disorderly conduct charge (as noted above, the plaintiff has been released from jail). He asserts that this charge will be disproved if all the evidence and witnesses are subpoenaed, as was his first disorderly conduct charge (except for the swearing). According to the plaintiff,

> Even though the first disorderly conduct was disproven, the Assistant District Attorney Adam Joseph Levin has still insisted on charging both out. D.A. Adam Joseph Levin even said on the record in court that he wasn't going to charge it out. The reason he filed it was for the restraining order to separate Bridget VanStraten and I, as well as because of my past convictions.
>
> My public defender Atty. Eric Haywood did not allow me to speak in court and I feel is bias[ed] as well, due to allowing this or be charged out.
>
> I am very confused in what is going on. As well confused as to why I am still incarcerated when I have proven myself to be innocent on several occasions.

Dkt. No. 1 at 6.

The plaintiff lists the incident numbers from eight police reports that he says were brought against him and closed. He states that he is waiting for the police reports on two more cases that have been closed, and that there is an additional case for which "they" will not furnish the police report. Id. It appears that these police reports stem from the purported false allegations that defendant VanStraten made against the plaintiff.

6

That plaintiff believes that defendant VanStraten "has done this" to make him lose primary custody of his daughter, out of jealousy, and to make him look bad to "society and human services. Id. The plaintiff states:

> I feel because there were so many dropped cases against me the Town of Menasha Police Department wanted to get something on me. I felt most of them where [sic] very professional in doing their jobs. I feel my incarceration could have been prevented if they had done their job and charged Bridget K. Vanstraten with her blatant law violations and stopped the stalking and harassment.

Id.

The plaintiff claims that the defendants violated his rights under the United States Constitution. He also alleges Wisconsin state law tort violations and asserts violations of the Wisconsin criminal code. Dkt. No. 1 at 7-8.

The plaintiff seeks injunctive relief, as follows: (1) "change of arrest procedure"; (2) "change in charging procedure for crimes"; (3) "law enforcement officials, public office officials, lawyers holding others accountable for their actions – charging perpetrators when they commit an offense even if it is under the guise of being a victim"; (4) "checks and balances for police reports and criminal charges"; (5) "if someone has been proven to be dishonest one [sic] multiple other charges[,] to follow strict guidelines on pursuing charges; and (6) not trumping charge to see if they stick." Dkt. No. 1 at 10.

B. Discussion

In addition to VanStaten and the Town of Menasha Police Department, the plaintiff sues Town of Menasha Police Chief Rod McCants, four police department lieutenants, and eight police officers. He does not allege any specific action by any particular officer, lieutenant, or the police chief. He has

7

not, therefore, stated cognizablea claim against any individual officer, lieutenant, or the police chief. See Alejo v. Heller, 328 F.3d 930, 936 (7th Cir.2003) (§1983 defendant must have personally participated in constitutional deprivation); Perkins v. Lawson, 312 F.3d 872, 875 (7th Cir.2002) (noting no *respondeat superior* liability under §1983).

Even if the plaintiff had alleged personal involvement, he does not allege the violation of any right under federal law in investigating and/or arresting him. Rather, it appears that in most of cases, VanStraten complained, the officer(s) investigated the charge, and the charge was ultimately dropped.[1] The plaintiff acknowledges that he believes the Menasha Police Department acted professionally. It appears that officers did their duty to investigate allegations, and most of the time concluded that VanStraten's allegations were unfounded.

To the extent that the plaintiff alleges that the defendants violated his rights by failing to investigate VanStretent and/or charge her with a crime, he does not state a federal claim. A citizen does not have a constitutional or federally recognized right to an adequate police investigation, or any investigation at all. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (holding: "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). "Federal courts in the Seventh Circuit have not recognized an allegation of inadequate

---

[1] Although there were two disorderly conduct criminal cases, the plaintiff alleges that all charges on the first one were dropped (except for swearing). With regard to the second disorderly conduct case, when he filed the complaint the plaintiff alleges that he was confined based on this charge, but as noted, he has now been released.

8

police investigatory work as sufficient to state a civil rights claim in the absence of another recognized constitutional right." Jacobsen v. Nat'l. R.R. Passenger Corp., No. 97–CV–6012, 1999 WL 1101299, at *10 (N.D. Ill. Nov. 29, 1999). Even if the defendants' conduct violated department policy, or state law, their alleged insufficient investigation into the events in question does not give rise to a violation of the plaintiff's constitutional rights. The Constitution "is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services, even so elementary a service as maintaining law and order." Slagel v. Shell Oil Refinery, 811 F. Supp. 378, 382 (C.D. Ill. 1993) (quoting Bowers v. DeVito, 686 F.2d 616, 618 (7th Cir. 1982)).

That leaves the plaintiff's state law claims. The court lacks subject matter jurisdiction over the claims. See 28 U.S.C. §§1331 (federal question); 1332 (diversity of citizenship jurisdiction). That is, the plaintiff may not bring his state law claims in this federal court because, (1) he does not also state a claim cognizable under federal law; and (2) the case is not "diverse," because all of the defendants are Wisconsin residents (as is the plaintiff) and the matter in controversy does not exceed $75,000.

The court makes no determination on the merits of any state law claim the plaintiff may have. (However, the court will tell the plaintiff that he can't sue the defendants under Wisconsin crime statutes. Only the State of Wisconsin can prosecute Wisconsin state crimes. The plaintiff may notify law enforcement officials about these allegations.)

9

In sum, the plaintiff fails to state a claim under federal law and the court lacks subject matter over his state law claims. Accordingly, the court must dismiss this case for lack of subject matter jurisdiction.

### III. MOTION FOR EXTENSION OF DISCOVERY

Because the court must dismiss the plaintiff's complaint for lack of subject matter jurisdiction, it will deny his motion for an extension of discovery as moot. Dkt. No. 13.

### IV. MOTION TO AMEND THE COMPLAINT

Again, because this court does not have jurisdiction to hear this case, the court will deny the plaintiff's motion to amend his complaint. Dkt. No. 14.

### V. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed *in forma pauperis*. Dkt. No. 2.

The court **GRANTS** the plaintiff's motion to extend the deadline to pay the filing fee. Dkt. No. 15.

The court **DISMISSES THIS CASE WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The court **ORDERS** that the plaintiff should submit the balance of the filing fee ($305.40) to the Clerk of Court as he is able.

The court **DENIES** the plaintiff's motion for an extension of discovery. Dkt. No. 13.

The court **DENIES** the plaintiff's motion to amend the complaint. Dkt. No. 14

Dated at Milwaukee, Wisconsin this 10th day of June, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge